UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEONTE V. SPICER, | ) |
|         Plaintiff, | ) |
| v. | )   Civil Action No. 1:24-cv-2106 (RC) |
| U.S. MARSHALS OF DISTRICT OF COLUMBIA, | ) |
|         Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss, ECF No. 14. For the reasons discussed below, the Court GRANTS the motion.

**I. BACKGROUND**

**A. Plaintiff's Factual Allegations**

On various dates in early 2024, plaintiff found himself in the holding area at the Superior Court of the District of Columbia subjected to physical searches by unidentified Deputy United States Marshals. *See* Compl. (ECF No. 1-1) at 9 (page numbers designated by CM/ECF). According to plaintiff, he "was pat searched then told to pull [his] pants down to [his] knees and ankles," at which time he "was touched . . . all over [his] testicles and both sides of [his] inner thighs touching both sides of [his] testicles." *Id*. Plaintiff deemed these searches sexual abuse. *See id*. at 9-10. He alleged that the Deputy Marshals "received pleasure from sexually abusing [him]," as "they all were laughing and joking," and making "sexual noises . . . while the . . . Marshal had his hands inside [plaintiff's] pants." *Id*. at 10. Female Deputy Marshals allegedly were present "during a few of [these] sexual assaults." *Id*. These incidents "[a]ffected

1

[plaintiff's] mental state of mind extremely . . . and it has become hard for [him] to focus . . . on [a] day to day basis." *Id*. at 10.  Plaintiff allegedly filed "a police complaint" on April 4, 2024, and a complaint with the Justice Department's Office of the Inspector General on an unspecified date. *Id*.

In his amended pleading, plaintiff purports to make this a class action on behalf of other detainees, including juveniles, who had been sexually assaulted by Deputy United States Marshals at the Superior Court. *See generally* Am. Compl. (ECF No. 5) at 37-40.  While the original complaint includes a demand for $1,500,000 and mental health treatment, *see* Compl. at 9, plaintiff doubles his demand for damages, to include an award of $1,500,000 for himself and an additional $1,500,000 to be shared among the class members. *See* Am. Compl. at 37.

**B. Procedural History**

Plaintiff filed his original complaint in the Superior Court on June 10, 2024. *See* Case Summary (ECF No. 5) at 3.  Defendant removed the case on July 18, 2024, pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446.  *See* Notice of Removal (ECF No. 1) at 1.  The Clerk of Court issued summonses on October 3, 2024 (ECF No. 9) which were served on October 7, 2024 (ECF Nos. 10-11).

On January 22, 2025, defendant filed its motion to dismiss (ECF No. 14) under Federal Rule of Civil Procedure 12(b)(1) with a supporting memorandum ("Def.'s Mem."), arguing that this Court lacks subject matter jurisdiction over plaintiff's claim.  On that same day, the Court issued an Order (ECF No. 15) directing plaintiff to file his opposition or other response to the motion by February 24, 2025.  The Order warned plaintiff that, if he failed to respond to the motion, the Court would resolve the matter without the benefit of his position.  To date, plaintiff neither has filed an opposition nor has he requested additional time to do so.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff bears the burden of demonstrating that this Court has jurisdiction over his claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim." *Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)).

## III. DISCUSSION

The Court construes the complaint as bringing assault and battery claims arising from the unidentified Deputy United States Marshals' physical searches of plaintiff's person in the Superior Court holding area. These are tort claims brought against employees of the federal government committed in the course of their official duties, and they proceed, if at all, under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80.

The proper defendant to an FTCA action is the United States of America. *See, e.g.*, *Goddard v. D.C. Redevelopment Land Agency*, 287 F.2d 343, 345–46 (D.C. Cir. 1961) ("Suits based on torts allegedly committed by the Agency or by its employees acting in an official capacity are maintainable, if at all, under the provisions of the Tort Claims Act, and must name the United States as defendant."). Ordinarily, a plaintiff's failure to name the United States as the defendant calls for dismissal of the complaint for lack of subject matter jurisdiction. *See, e.g., Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 17 (D.D.C. 2015). That said, given plaintiff's *pro se* status, the Court declines to dismiss the complaint because plaintiff named the wrong defendant. *See Stedman v. Fed. Commc'ns Comm'n*, No. 22-cv-3191 (BAH),

2023 WL 3600141, at *3 n.3 (D.D.C. May 23, 2023) ("Even though this *pro se* plaintiff has not named the United States as a party defendant, this pleading defect is overlooked and plaintiff's claims are treated as if he brought them against the United States directly."). Given the inherent defects of the complaint, the Court also declines to substitute the United States as the party defendant. *See Binns v. Cent. Intel. Agency*, No. 1:20-cv-01896 (UNA), 2020 WL 4335536, at *2 (D.D.C. July 27, 2020).

### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FTCA Claim

#### 1. Sovereign Immunity and the FTCA

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal quotation marks and brackets omitted)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

"The FTCA waives sovereign immunity 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (quoting 28 U.S.C. § 1346(b)(1)). It renders the United States subject to suit for certain – but not all – tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). There are limitations under and exceptions to the FTCA which warrant dismissal of the plaintiff's complaint.

## 2. The Court Lacks Derivative Jurisdiction

Defendant first moves to dismiss because this Court lacks jurisdiction, or more particularly, derivative jurisdiction, over plaintiff's FTCA claims. *See* Def.'s Mem. at 5-6 (page numbers designated by CM/ECF).

"The derivative-jurisdiction doctrine arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007). The Supreme Court instructs:

> The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922).[1] For these purposes, the Superior Court of the District of Columbia is considered a state court. 28 U.S.C. § 1442(d)(6).

This Court's "threshold determination is whether, prior to removal, the Superior Court . . . had jurisdiction of the subject matter" of a plaintiff's lawsuit. *McKoy-Shields v. First*

---

[1] Courts have observed "that the derivative jurisdiction doctrine . . . creates something of a paradox." *James v. U.S. Postal Serv.*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020). Defendant removed this case from Superior Court because the federal district court has jurisdiction over an FTCA claim, and promptly moved to dismiss the very same FTCA claim for lack of subject matter jurisdiction. "Although Congress has chosen to abrogate the derivative jurisdiction doctrine for removals effectuated under 28 U.S.C § 1441, application of the derivative jurisdiction doctrine remains valid where, like here, cases are removed under 28 U.S.C § 1442." *McKoy-Shields v. First Washington Realty, Inc.*, No. 11-cv-01419 (RLW), 2012 WL 1076195, at *2 (D.D.C. Mar. 30, 2012) (footnote omitted). Defendant removed the case under 28 U.S.C. § 1442(a)(1), and the doctrine of derivative jurisdiction applies. *See Williams v. Pretrial Servs. Agency for District of Columbia*, No. 23-cv-1859 (RDM), 2024 WL 4103708, at *2 (D.D.C. Sept. 6, 2024).

*Washington Realty, Inc.*, No. 1:11-cv-1419, 2012 WL 1076195, at *2 (D.D.C. March 30, 2012). It did not.

Federal district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); *see Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014). Given the FTCA's grant of exclusive jurisdiction to federal courts, "the D.C. Superior Court could not have had subject matter jurisdiction over Plaintiff's claims." *James v. U.S. Postal Serv.*, 484 F. Supp. 3d 1, 4 (D.D.C. 2020). This federal district court "cannot 'acquire' jurisdiction after removal, even if [p]laintiff could have filed his complaint in federal court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014); *see Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017) ("Because Congress has not consented to the United States being sued in state court for negligence, the Superior Court never acquired jurisdiction over either the subject matter or the Smithsonian as a United States agency.").

### 3. Plaintiff Failed to Exhaust Administrative Remedies

Even if this Court could have acquired jurisdiction upon removal, there is an alternative basis for dismissal. Defendant argues that the complaint fails to allege exhaustion of administrative remedies. *See* Def.'s Mem. at 6-7.

As stated above, the waiver of the United States' sovereign immunity sets the conditions under which the United States is subject to suit. Relevant here is a claimant's obligation to present his claim to the appropriate federal agency prior to filing a civil action in a federal district court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Hall v. Admin. Off. of U.S.*

*Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007) ("A condition of this waiver of sovereign immunity is the timely presentation of a claim to the appropriate federal government agency." (citing *United States v. Kubrick,* 444 U.S. 111, 117 (1979)).

The FTCA in relevant part provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "In reviewing this presentment requirement, the Supreme Court has ruled that *pro se* litigants should be held to the same standard as litigants with counsel." *Youmans v. Fed. Motor Carrier Safety Admin.*, No. 21-cv-1381 (RC), 2022 WL 2982453, at *3 (D.D.C. July 28, 2022) (citing *McNeil*, 508 U.S. at 113).

"Section 2675(a) requires a claimant to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987). To this end, a claimant may submit to the appropriate agency a written statement of his claim using a Standard Form 95. *See, e.g., Tookes v. United States*, 811 F. Supp. 2d 322, 331 (D.D.C. 2011). Whatever form the claimant's statement takes, it must provide sufficient "[n]otice of an injury" so that the agency can conduct its own investigation and evaluate the claim, and a "sum-certain statement of damages [to] enable it to determine whether settlement or negotiations to that end are desirable." *GAF Corp.*, 818 F.3d at 919.

For purposes of this Memorandum Opinion, the Court accepts as true plaintiff's allegation of having filed a police report and a complaint to the Office of Inspector General. *See*

7

Compl. at 10.  Missing, however, are any factual allegations demonstrating that these complaints included both a written statement sufficiently describing his injury and a sum certain demand for damages.  Therefore, plaintiff fails to demonstrate compliance with the FTCA's presentment requirement.  *See Grant v. Sec. Dep't of Veterans Affairs*, No. 03-5260, 2004 WL 287125, at *2 (D.C. Cir. Feb. 4, 2004) (affirming dismissal when plaintiff did not include "sum-certain damages"); *Ali v. Bureau of Democracy, Human Rights and Labor*, No. 23-cv-1126 (DLF), 2024 WL 1513475, at *2 (D.D.C. Apr. 8, 2024) (finding that plaintiff had not exhausted administrative remedies by "complain[ing] to several government entities," including the Chief of the State Department's Bureau of Democracy, Human Rights, and Labor, its Inspector General, and the Equal Employment Opportunity Commission, but not "to the appropriate government agency: the State Department itself"); *Davis v. United States*, 944 F. Supp. 2d 36, 39 (D.D.C. 2013) (finding that letters to Director of the Bureau of Prisons and Residential Reentry Manager did not satisfy FTCA's presentment requirement).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim.  *McNeil*, 508 U.S. at 113.  Because plaintiff has not exhausted his administrative remedies under the FTCA, the complaint must be dismissed for lack of jurisdiction.  *See Henderson v. Ratner*, No. 10-5035, 2010 WL 2574175, at *1 (D.C. Cir. June 7, 2010) (per curiam) (affirming dismissal of FTCA claim where "[a]ppellant failed to demonstrate that he exhausted his administrative remedies before filing suit in the district court"); *Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the

8

evidence that he administratively exhausted his FTCA claim with the BOP before commencing this action").

### B. Plaintiff May Not Represent the Interests of a Class

According to plaintiff, there are at least 19 other detainees who have been subjected to the same treatment at the hands of unidentified Deputy United States Marshals at the Superior Court holding area, *see* Am. Compl. at 39-40, and who, among others, could become members of a class, *see id*. Even if plaintiff had established a basis for this Court's subject matter jurisdiction, plaintiff could prosecute only his own claims. *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that individual who is "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in the District Court . . . as counsel for others"). "As a general rule applicable here, a *pro se* litigant can represent only himself in federal court." *Cannady v. State of Missouri*, No. 1:15-cv-0073 (CRC), 2015 WL 358236, at *1 (D.D.C. Jan. 13, 2015).

This case is not currently a class action, and the Court may not designate it as such, given that plaintiff is proceeding *pro se*. *See Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (denying class certification and appointment of plaintiff as class representative where plaintiff was "an incarcerated pro se litigant without legal training who is . . . not able adequately to represent the proposed class"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("[It] it is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Paulson v. Apple Inc.*, No. 1:15-cv-0556 (RWR), 2015 WL 1825283, at *1 (D.D.C. Apr. 13, 2015) (dismissing "'Class Action Complaint' . . . because a *pro se* party, such as plaintiff, cannot represent a class or any other individual in federal court").

## IV. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over plaintiff's tort claims and, accordingly, GRANTS defendant's motion to dismiss. An Order is issued separately.

DATE: April 11, 2025                                /s/
                                                    RUDOLPH CONTRERAS
                                                    United States District Judge